UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH HILLARD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2576** |
| **UNITED STATES OF AMERICA, ET. AL.** | **SECTION "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Defendant United States of America's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiffs' APA/Stafford Act Claim for Lack of Subject Matter Jurisdiction (Rec. Doc. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 51) and the Partial Rule 12(b)(6) Motion to Dismiss Claims of Louisiana Residents and Claims Governed by Louisiana Law on Behalf of KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 118) are **GRANTED** regarding the claims for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, punitive damages, and redhibition/breach of implied warranty. The motion is **DENIED** regarding the claims for breach of express warranty. To the extent that plaintiffs' complaint alleges actual injuries suffered, the requested dismissal of medical monitoring claims is **DENIED**. The motion is **GRANTED** to the extent that plaintiffs' complaint refers to possible future injuries not yet manifested.

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s Conditional Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 52) and the Partial Rule 12(b)(6) Motion to Dismiss Claims Governed by Texas, Mississippi and Alabama Law by KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 119) are **DENIED**.

**IT IS FURTHER ORDERED** that Gulf Stream's Motion to Dismiss for Improper Venue, and Alternatively for Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 58) is **DENIED.**

## BACKGROUND

In May of 2006, the plaintiffs (Keith Hillard, Lisa Hillard, for themselves and as legal guardians for Gabriell Hillard, Keith Hillard, Jr., and Christopher Hillard, and Cydney Hillard; Amy L. Bordelon; Betty Carter for herself and as legal guardian for April Carter and William Carter, Jr.; Emmett Lusich; Jenny Lusich for themselves and as legal guardians for Summer Lusich and Lacey Lusich; and on behalf of themselves and all other similarly situated) filed a class action complaint and a supplemental and amended complaint in this Court alleging, among other things, that the defendants, (United States of America; Gulf Stream Coach; Fleetwood Enterprises, Inc; Fleetwood Canada Ltd.; Starcraft RV, Inc; Pilgrim International, Inc; Monaco Coach Corporation; and KZRV LP) were negligent and failed to use due care in manufacturing, marketing, distributing, licensing and selling Federal Emergency Management Agency ("FEMA") housing that contained hazardous levels of formaldehyde.  The plaintiffs further alleged that the defendants failed to, for example, properly test the housing; provide adequate and proper warnings; and hire and supervise individuals to inspect the housing.  Thereafter, the plaintiffs filed a second supplemental complaint alleging, among other things, that the United States violated the Stafford Act.  Defendants filed several

motions requesting various forms of relief.  Each motion will be addressed below.

## DISCUSSION

**A.   Defendant United States of America's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiffs' APA/Stafford Act Claim for Lack of Subject Matter Jurisdiction (Rec. Doc. 41).**

Absent a waiver of sovereign immunity, this Court lacks subject-matter jurisdiction over claims against the United States of America.  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

Although the Stafford Act contains no express waiver of sovereign immunity, the Administrative Procedure Act ("APA") does contain a limited waiver by allowing "a person suffering legal wrong because of agency action within the meaning of a relevant statute [to seek] judicial review thereof." 5 U.S.C. § 702.  This waiver is inapplicable when: (1) the statute precludes judicial review; or (2) the agency action is committed to agency discretion by law. 5 U.S.C. § 701(a).  Congressional intent to preclude judicial review must be established by clear and convincing evidence. *Ornellas v. United States*, 2 Cl. Ct. 378, 379 (1983).  The Government argues that the Stafford Act, 42 U.S.C. § 5121 *et seq.*, also known as the Disaster relief Act of 1974, provides such clear and convincing evidence that Congress intended to preclude judicial review. The Stafford Act provides in pertinent part:

> (a)   The Congress hereby find and declares that —
>
> (1)   because disasters often cause loss of life, human suffering, loss of income, and property loss and damage; and
> (2)   because disasters often disrupt the normal functioning of governments and communities, and adversely affect individuals and families with great severity;
>
> special measures, designed to assist the efforts of the affected States in

3

expediting the rendering of aid, assistance, and emergency services, and the reconstruction and rehabilitation of devastated areas, are necessary.

(b) It is the intent of the Congress, by this Chapter to provide an orderly and continuing means of assistance by the Federal government to state and local governments in carrying out their responsibilities to alleviate the suffering and damage which result from such disasters. . . .

Section 5174 addresses federal assistance to individuals and households and provides in part:

> (b) Housing assistance
>
> (1) Eligibility
>
> The President may provide financial or other assistance under this section to individuals and households to respond to the disaster-related housing needs of individuals and households who are displaced from their predisaster primary residences or whose prediaster primary residences are rendered uninhabitable as a result of the damage caused by a major disaster.
>
> * * * * *
>
> (c) Types of housing assistance
>
> (1) Temporary Housing
>
> (B) Direct Assistance
>
> (i) In general
>
> The president may provide temporary housing units, acquired by purchase or lease, directly to individuals or households who, because of law of available housing resources, would be unable to make use of the assistance provided under subparagraph (A).

And section 5148 states:

> The Federal Government shall not be liable for any claims based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the federal government in carrying out the provisions of this chapter.

The Government has essentially set forth two arguments. First, the Government alleges that the plaintiffs have failed to allege any violation of the Stafford Act. Second, the Government relies on section 5148 of the Stafford Act for the assertion that it is immune from suit for claims committed to agency discretion. The Government argues that FEMA's decision to provide trailers to individuals is exactly the type of discretionary agency action that Congress intended to protect.

The plaintiffs allege that the Government is not entitled to any immunity because its conduct does not involve a choice or discretion, as provided in Section 5148. Generally, the plaintiffs argue that once the Government exercised its discretion to provide temporary housing to the plaintiffs, it did not have the discretion to provide trailers which were unsafe and uninhabitable. These allegations are outside the Stafford Act.[1] The only allegations of acts that implicate the Stafford Act are acts committed to agency discretion by law, and therefore the Government is immune from suit for those acts. The Government's motion to dismiss the Stafford Act claims because of lack of subject matter jurisdiction is GRANTED.

**B. Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 51)[2] and Partial Rule 12(b)(6) Motion to Dismiss Claims of Louisiana Residents and Claims Governed by Louisiana Law on Behalf of KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 118).[3]**

The above-captioned motions filed by manufacturers Fleetwood, KZRV, Starcraft, and Pilgrim request dismissal of certain claims, including negligence, negligence per se, gross

---

[1]The plaintiffs originally brought a claim against the Government under the Federal Tort Claims Act. However, the plaintiffs voluntarily dismissed that claim, without prejudice. (Rec. Doc. 39).

[2]Gulf Stream has joined in this motion. The reasoning herein applies to Gulf Stream.

[3]Plaintiffs dismissed their claims against KZRV, LP without prejudice on November 17, 2006. (Rec. Doc. 136).

5

negligence, recklessness and willfulness, strict liability, breach of implied and express warranty, redhibition, punitive damages, medical monitoring, and injunctive relief.

In determining the appropriate substantive law, a federal court exercising diversity jurisdiction applies the choice-of-law rules of the forum state. *Marchesani v. Pellerin-Milnor Corp.*, 269 F.3d 481, 485 (5th Cir.2001). Louisiana law is very clear regarding the choice-of-law analysis for products liability claims, and the parties do not dispute that Louisiana law applies to the claims asserted by Louisiana plaintiffs.

Louisiana Civil Code Article 3545 states in pertinent part:

> Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state: (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.

The alleged injuries of the Louisiana plaintiffs occurred in Louisiana, making Louisiana law applicable to their claims.

**1.     *Negligence, Negligence Per Se, Gross Negligence, Recklessness and Willfulness, and Strict Liability Claims***

Under Louisiana law, the Louisiana Products Liability Act ("LPLA") is the plaintiffs' exclusive means of tort recovery against the manufacturers. La. Rev. Stat. § 9:2800.52 explains that "[t]his Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." The theories of liability

include defects in design,[4] construction or composition,[5] inadequate warning,[6] and express warranty.[7]

Accordingly, the plaintiffs' negligence, negligence per se, gross negligence, recklessness and willfulness, and strict liability claims are dismissed.

### 2. *Punitive Damages Claims*

Defendants move for dismissal of plaintiffs' punitive damages claims. The Louisiana Civil Code permits the recovery of punitive damages under two narrow circumstances: Louisiana Civil Code Articles 2315.4 and 2315.7. Article 2315.5 allows for the recovery of exemplary damages in the case of "wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries." Further, Article 2315.7 allows the recovery of exemplary damages in the case of "wanton and reckless disregard for the rights and safety of the person through criminal sexual activity which occurred when the victim was seventeen years old or younger. . . ."

The plaintiffs concede that punitive damages are not applicable to their Louisiana claims under Louisiana law. Accordingly, the plaintiffs' claims for punitive damages are dismissed.

### 3. *Redhibition/ Breach of Implied Warranty Claim and Express Warranties*

Defendants also argue that plaintiffs' redhibition/breach of implied warranty claim must be dismissed because no sale has occurred between the plaintiffs and Fleetwood.

---

[4] La. Rev. Stat. § 9:2800.56.

[5] *Id*. at § 9:2800.55.

[6] *Id*. at § 9:2800.57.

[7] *Id*. at § 9:2800.58.

Louisiana Civil Code Article 2520 states:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

Although the LPLA does not generally prevent the plaintiff from also asserting a redhibition claim against a manufacturer, the facts of the instant case preclude such a claim. *Grenier v. Medical Engineering Corp.*, 243 F. 3d 200, 206 n.5 (5th Cir. 2001)(citing *Monk v. Scott Truck & Tractor*, 619 So. 2d 890, 893 (La. App. 3d Cir. 1993), and noting that the LPLA was never intended to eliminate redhibition as a means of recovery against a manufacturer). In this case, the plaintiffs are non-purchaser/donees. Louisiana courts have refused to allow donees to recover in redhibition against manufacturers. William M. Crawford, 12 La. Civ. L. Treatise, Tort Law § 16.10; *See also Alvis v. CIT Group/Equip. Fin., Inc.*, 2005-0563 (La. App. 3rd Cir. 12/20/05), 918 So. 2d 1177, 1182-84 (finding that the redhibition articles did not apply between plaintiffs and defendants because there was no sale between them).

The motion to dismiss plaintiffs' redhibition/implied warranty claim must be GRANTED. However, the KZRV, Starcraft, and Pilgrim motion to dismiss plaintiffs' express warranty claims is DENIED. As stated earlier, the LPLA provides an express warranty claim against a manufacturer.

### 4. *Medical Monitoring Claim*

Fleetwood argues that the plaintiffs' medical monitoring claim must be dismissed because there are no specific factual allegations regarding any manifest levels of exposure or any specific injury to any named plaintiff. The plaintiffs assert that they meet the notice pleadings standard required for a complaint in federal court.

Louisiana Civil Code Article 2315 was amended in 1999 to provide that "[d]amages do not include costs for future medical treatment, surveillance, or procedures of any kind unless such treatment services, surveillance, or procedures are directly related to manifest physical or mental injury or disease." To the extent that plaintiffs' complaint alleges actual injuries suffered by plaintiffs, defendants' request for dismissal of the medical monitoring claim must be denied. However, to the extent that the plaintiffs' complaint refers to possible future injuries or any future increased risk of injuries not yet manifested, defendants' request for dismissal is granted.

### 5. *Injunctive Relief*

The claims for injunctive relief have been withdrawn, and this issue is no longer before this Court.[8]

To the extent that plaintiffs have alleged a cause of action under the Louisiana Products Liability Act, that cause of action remains.

---

[8] The motion for injunction was withdrawn. (Rec. Doc. 105).

**C.** **Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s Conditional Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 52)[9] and Partial Rule 12(b)(6) Motion to Dismiss Claims Governed by Texas, Mississippi, and Alabama Law by KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 119).**

The above-captioned motions relative to the application of Mississippi, Alabama, and Texas laws filed by Fleetwood, KZRV, Starcraft, and Pilgrim are DENIED without prejudice. Defendants have requested dismissal of numerous claims against them, without providing this Court with sufficient facts upon which to make a choice-of-law analysis. Because this case involves numerous defendants from several states and because the plaintiffs reside in several states, this Court finds that it does not have sufficient information before it at this time to perform a choice-of-law analysis to properly evaluate the defendants' requested dismissal of certain claims. Therefore, the defendants' motions to dismiss are DENIED without prejudice.

**D.** **Gulf Stream's Motion to Dismiss for Improper Venue, and Alternatively for Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 58).**

Defendant Gulf Stream Coach, Inc., has moved for dismissal under Federal Rule of Civil Procedure 12(b)(3) based on improper venue.[10] Gulf Stream argues that the plaintiffs are bound by the identical, mandatory forum selection clauses contained in its (1) written limited warranty and (2) owner's manual. Those two documents contain identical warranties which include a forum selection clause that states:

---

[9] To the extent that Gulf Stream has joined in this motion, the same reasoning applies to Gulf Stream.

[10] To the extent that Gulf Stream has also requested additional relief by joining in the motions of other defendants, the dismissal of various claims asserted by other defendants is addressed elsewhere in this Order.

### 6. JURISDICTION AND APPLICABLE LAW

> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claims whatsoever arising, from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.

Gulf Stream's State of Manufacture is Indiana. Therefore, in its motion to dismiss, Gulf Stream argues that any litigation by plaintiffs must be in that State. Both the limited warranty and the owner's manual contain the following language:

> I HEREBY ACKNOWLEDGE THAT I HAVE READ AND RECEIVED A COPY OF THE ABOVE WARRANTY FOR GULF STREAM COACH PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE PROVISION HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS OF THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.

As noted by plaintiffs, both documents also state the following:

> USE OF THE RECREATIONAL VEHICLE FOR ANY COMMERCIAL OR RENTAL PURPOSE VOIDS THE WARRANTY FROM THE TIME THAT THE VEHICLE IS FIRST USED FOR A COMMERCIAL OR RENTAL PURPOSE AND AT ALL TIMES THEREAFTER.

Gulf Stream argues that although the plaintiffs did not deal directly with Gulf Stream, the plaintiffs are bound by those terms under the theory of direct-benefit estoppel.[11] Gulf Stream further

---

[11] The Fifth Circuit in *Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F. 3d 514, 517 (5th Cir. 2006), found that direct-benefit estoppel was one of six theories under which a nonsignatory could be bound to a forum selection clause. The other five theories include: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) third-

asserts that plaintiffs cannot avail themselves of the limited warranty agreement but then not be bound by its terms.

The parties in this case do not dispute that FEMA purchased the trailers from Gulf Stream. The plaintiffs then received the trailers directly from FEMA and executed a lease with FEMA for the use of the trailers. Under the facts presented in this motion, there is no indication that the forum selection provision was ever accepted by the purchaser —FEMA, so it is unnecessary to analyze whether any obligation to be bound by the forum selection clause was ever transferred to the plaintiffs.

Gulf Stream presents no evidence or argument to establish that the forum selection provisions of the unsigned warranty documents were binding on FEMA. Gulf Stream argues that the FEMA lease signed by plaintiffs somehow binds plaintiffs to the unsigned forum selection clauses. The relevant provision of the FEMA lease states:

> It is understood and agreed that the premises leased herein are provided under emergency conditions as disaster relief with the assistance of the United States of America and that the use and occupancy of the leased premises will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United States of America acting by and through the Federal Emergency Management Agency or its managing authority.

Gulf Stream has provided this Court with unsigned warranty documents,[12] but it has not

---

party beneficiary. *Id.* Direct-benefit estoppel applies when a nonsignatory during the life of the contract embraces the contract despite their nonsignatory status but then, attempts to repudiate a portion of the contract.

[12]In *McGuire v. Gulf Stream Coach, Inc*. (06-5659), Gulf Stream attached to its reply memorandum an affidavit of Daniel Shea stating that Michael Wagner of the Department of Homeland Security, FEMA insisted that the warranty be part of the sale. This does not change the fact that the warranty is unsigned and there is nothing before the Court which demonstrates that the forum selection clause was incorporated by reference into any purchase agreement

attached any documents executed between the United States and Gulf Stream which contain any reference or recognition of the express warranty documents or any theory of how the forum selection clause may have become effective.[13]

Gulf Steam's allegations that the FEMA lease somehow binds the plaintiffs to the unsigned limited warranty containing a forum selection clause falls short of establishing a binding forum selection clause between Gulf Stream and FEMA, much less Gulf Stream and plaintiffs. Moreover, because the trailers are being leased to plaintiffs and because the express warranty (which contains the forum selection clause) is void once the trailer is rented, it appears that Gulf Stream is relying on the terms of the warranty which is void on its face. Therefore, the motion to dismiss for improper venue is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant United States of America's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss Plaintiffs' APA/Stafford Act Claim for Lack of Subject Matter Jurisdiction (Rec. Doc. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s

---

between Gulf Stream and the United States.

[13] In each of the cases cited by Gulf Stream, there was no doubt that the purchasers executed the limited warranty document. In *Rimes v. Gulf Stream Coach, Inc.*, Civ. A. 06-399, at p. 3 (W.D. Penn. June 7, 2006), the district court upheld the same forum selection clause and referenced "the limited warranty executed by plaintiff." In *Bray v. Gulf Stream Coach, Inc.*, 2006 WL 1280925, at *1 (D. Ore. May 6, 2006) (Coffin, Magistrate J.) , the court  enforced the forum selection clause, but before doing so, acknowledged that the plaintiff entered into the limited warranty agreement by signing the document. In *Garrett v. Reese Products, Inc.*, Civ.A. 01-1949, p. 2 (N.D. Ala. Oct. 23, 2001), before granting Gulf Stream's motion to dismiss for improper venue, the court acknowledged that the plaintiff signed Gulf Stream's limited warranty. In *Daley v. Gulf Stream Coach, Inc.*, 2000 WL 33710836, at * 1, (D. Utah. Mar. 3, 2000), the court analyzed the forum selection clause and transferred the case due to improper venue where it found that the plaintiffs had signed the limited warranty agreement.

Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 51) and the Partial Rule 12(b)(6) Motion to Dismiss Claims of Louisiana Residents and Claims Governed by Louisiana Law on Behalf of KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 118) are **GRANTED** regarding the claims for negligence, negligence per se, gross negligence, recklessness and willfulness, strict liability, punitive damages, and redhibition/breach of implied warranty.  The motion is **DENIED** regarding the claims for breach of express warranty.  To the extent that plaintiffs' complaint alleges actual injuries suffered, the requested dismissal of medical monitoring claims is **DENIED**.  The motion is **GRANTED** to the extent that plaintiffs' complaint refers to possible future injuries not yet manifested.

**IT IS FURTHER ORDERED** that Fleetwood Enterprises, Inc. and Fleetwood Canada Ltd.'s Conditional Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 52) and the Partial Rule 12(b)(6) Motion to Dismiss Claims Governed by Texas, Mississippi and Alabama Law by KZRV, LP, Starcraft RV, Inc., and Pilgrim International, Inc. (Rec. Doc. 119) are **DENIED**.

**IT IS FURTHER ORDERED** that Gulf Stream's Motion to Dismiss for Improper Venue, and Alternatively for Failure to State a Claim Upon Which Relief Can be Granted (Rec. Doc. 58) is **DENIED.**

New Orleans, Louisiana, this __28th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**